**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ERICK REINALDO DUARTE MAZARIEGOS,**<br>**Petitioner,**<br><br>**v.**<br><br>**JOHN RIFE, MARKWAYNE MULLIN, TODD M. LYONS, JAMAL LAWRENCE JAMISON, and TODD BLANCHE,**<br>**Respondents.** | **CIVIL ACTION**<br><br>**NO. 26-CV-7941** |

**ORDER**

**AND NOW**, this 21st day of October, 2026, upon consideration of the Petition for Writ of Habeas Corpus (ECF No. 1), and the Government's Response in Opposition thereto (ECF No. 6), **IT IS HEREBY ORDERED** as follows:

1. The Petition is **GRANTED**;[1]

2. The Government shall **RELEASE** Petitioner from custody immediately and certify compliance with the Court's Order by filing an entry on the docket no later than **12:00 p.m. on October 23, 2026**;

3. Erick Reinaldo Duarte Mazariegos remains obligated to timely appear for his bond hearing that is scheduled to be held before an Immigration Court on **October 26, 2026 at 2:00 p.m.** in Elizabeth, New Jersey, and nothing in this Order addresses the immigration court's consideration of the parties' arguments at the bond hearing;

4. The Government is temporarily enjoined from re-detaining Erick Reinaldo Duarte Mazariegos until no earlier than **October 30, 2026**, and should Respondents choose to pursue re-detention under 8 U.S.C. § 1226(a), they must first provide Erick Reinaldo Duarte Mazariegos

with a bond hearing at which a neutral immigration judge will determine whether detention is warranted pending resolution of those removal proceedings; and

5. Pending his scheduled bond hearing, the Government **SHALL NOT** remove, transfer, or otherwise facilitate the removal of Petitioner from the Commonwealth of Pennsylvania. If the Immigration Judge determines that Petitioner is subject to detention under 8 U.S.C. § 1226(a), the Government may request permission of the Court to move him. If unforeseen or emergency circumstances arise that require Petitioner to be removed, any such request must include an explanation for the request as well as a proposed destination.

**BY THE COURT:**

**S/ WENDY BEETLESTONE**

**WENDY BEETLESTONE, C.J.**

---

[1] Erick Reinaldo Duarte Mazariegos ("Duarte") is a 31-year-old native and citizen of Guatemala who has been living in the United States since approximately 2013 after initially entering the country on a B1/B2 tourist visa. In 2023, his stepfather, who is a legal permanent resident of the United States, filed a Form I-130 Petition for Alien Relative on his behalf, which is pending before United States Citizenship and Immigration Services ("USCIS"). He has no criminal history.

On October 14, 2026, Duarte was driving in Bensalem, Pennsylvania. An official wearing a Department of Transportation uniform pulled him over into a weigh station, ostensibly for an inspection. He presented an expired New York driver's license and Guatemalan identification. Minutes later, another individual appeared and detained him. That individual was an Immigration and Customs Enforcement ("ICE") officer, but did not identify himself as such before detaining Duarte. The circumstances of Duarte's arrest, including whether ICE possessed a valid warrant at the time of his arrest, are unclear. ICE then transferred Duarte to the Federal Detention Center in Philadelphia, Pennsylvania, where he remains detained. At no point did ICE or other Department of Homeland Security ("DHS") officials make an individualized custody determination as to Duarte.

Duarte filed the instant petition for habeas relief and argues that his continued detention violates Section 1226(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1226(a), and the Due Process Clause of the Fifth Amendment to the United States Constitution, U.S. Const. amend. V. The question to be addressed is whether Duarte may continue to be detained pending his scheduled bond hearing consistent with his due process rights.

Federal courts are empowered by 28 U.S.C. § 2241 to review the legality of immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). A petitioner is entitled to relief if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A petitioner bears the burden of demonstrating

that his detention is unlawful. *See Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972). While petitioners seeking habeas relief are "ordinarily required to exhaust their administrative remedies," *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996), exhaustion under Section 2241 is prudential, and courts may excuse prudential exhaustion if administrative remedies would be futile. *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988). Like the petitioner in *Hernandez v. Jamison*, 2026 WL 3034460, at *2 (E.D. Pa. Oct. 9, 2026), Duarte has been detained without a sufficient individualized custody determination. As a result, exhaustion is likewise excused.

In similar cases, this Court has held that detaining individuals in Duarte's position without a bond hearing violates the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 *et seq. See, e.g.*, *Regalado-Nauta v. Jamison*, 2026 WL 2740528, at *3 (E.D. Pa. Sept. 16, 2026) (finding that detention under Section 1226(a) was unlawful absent an individualized custody determination); *Hernandez*, 2026 WL 3034460, at *2-3 (granting habeas relief for a petitioner unlawfully arrested without a warrant and unlawfully detained without an individualized custody determination); *see also Tabora-Brizuela v. Mullin*, 2026 WL 2908095, at *3 (E.D. Pa. Sept. 28, 2026) (granting habeas relief where officers had no basis for a warrantless arrest); *Sagbay v. Jamison*, 2026 WL 2875765, at *5 (E.D. Pa. Sept. 24, 2026) (same); *Dos Reis v. McShane*, 2026 WL 1746649, at *3 (E.D. Pa. June 17, 2026) (ordering release of a petitioner detained absent an individualized custody determination). The same reasoning applies here.

Duarte's arrest was unlawful. In *Lopez-Lopez v. Jamison*, 2026 WL 3094744, at *3-4 (E.D. Pa. Oct. 16, 2026), the court found that ICE failed to follow the required sequence for an arrest. There, at the time the petitioner was arrested, petitioner did not have a Notice to Appear, nor was one issued contemporaneously with his arrest. *Id.* Here, the timing of ICE obtaining a warrant—before or after arresting Duarte—is unclear. But critically, ICE failed to provide Duarte with a Notice to Appear ("NTA") until after he was transported to its Philadelphia Field Office for processing. "District courts across the country have concluded that it is unlawful for ICE officers to arrest and detain a noncitizen on a Form I-200 warrant and *subsequently* generate an NTA; warrants issued under those circumstances are deemed invalid." *Id.* (collecting cases) (emphasis in original). Further, despite his arrest shortly before noon on October 14, 2026, the Notice of Custody Determination was not prepared until 3:39 p.m. the same day.

ICE also cannot fall back on its authority to detain Duarte without a warrant under 8 U.S.C. § 1357(a)(2), which authorizes an officer to arrest a noncitizen "without [a] warrant" if the officer "has reason to believe that the [noncitizen] so arrested is in the United States in violation of" certain immigration "law[s] or regulation[s] and is likely to escape before a warrant can be obtained for his arrest[.]" 8 U.S.C. § 1357(a)(2); *see also* 8 C.F.R. § 287.8(c)(2)(ii) ("A warrant of arrest shall be obtained except when the designated immigration officer has reason to believe that the person is likely to escape before a warrant can be obtained."). Here, there is no indication in the record that ICE officers had "reason to believe" that Duarte was "likely to escape before a warrant [could] be obtained for his arrest[.]" 8 U.S.C. § 1357(a)(2). Although it is unclear when in the course of the arrest he was presented with the warrant, he was outside of his vehicle and surrounded by ICE officers the entire time. Therefore, he was not likely to escape, and Section 1357(a)(2) cannot provide justification for his arrest.

Duarte's detention is also unlawful. The Government contends that ICE conducted an individualized review of Duarte's case. However, ICE's "individualized" determination that Duarte poses a risk of flight is based exclusively on his alien status. That alone cannot justify his detention as a "flight risk." *See Chavez-Rivas v. Olsen*, 207 F. Supp.2d 326, 331 n.4 (D.N.J. 2002) ("The necessary implication is that alien status alone is insufficient to justify detention.") (citation omitted); *see also Ngo v. INS*, 192 F.3d 390, 398 (3d Cir. 1999) (holding that the "process due even to excludable aliens requires an opportunity for an evaluation of the individual's current threat to the community and his risk of flight"). To "presume dangerousness to the community and risk of flight based solely on [an alien's] past record does not satisfy due process." *Haynes v. Dep't of Homeland Sec.*, 2005 WL 2452091, at *3 (M.D. Pa. Oct. 4, 2005) (quoting *Ngo*, 192 F.3d at 398-99). Upon review of the Form I-213, ICE's sole justification for determining that Duarte poses a flight risk is that he resides in this country illegally. That is *not* an individualized custody determination, and it cannot justify his detention.

Thus, because the Government lacks a legal basis for detaining Petitioner pending resolution of removal proceedings, he must be released immediately. It is unnecessary to reach his alternative grounds for relief given he is entitled to release under his INA claim.